# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-2856

_____

Malkhaz Devadze,

    Petitioner,

  v.

Eric H. Holder, Jr., Attorney General
of the United States,

    Respondent.

\*
\*
\*   Petition for Review of an
\*   Order of the Board of
\*   Immigration Appeals.
\*
\*
\*   [UNPUBLISHED]
\*

_____

Submitted: June 10, 2009
Filed: July 2, 2009

_____

Before BYE, HANSEN, and BENTON, Circuit Judges.

_____

PER CURIAM.

 Malkhaz Devadze, a citizen and native of Georgia, petitions for review of an order of the Board of Immigration Appeals (BIA) affirming an Immigration Judge's (IJ) denial of, among other things, withholding of removal. For the reasons discussed below, we deny his petition.

# I

Devadze was granted permission to enter the United States on October 2, 2002, as a non-immigrant alien in transit with a C-1 visa and remain until October 15, 2002. He remained past his authorized date, however, and on February 8, 2005, the Department of Homeland Security issued a Notice to Appear, notifying Devadze that removal proceedings had been instituted against him.

Although Devadze conceded removability, he filed an application for asylum, withholding of removal, protection under the Convention Against Torture, and, alternatively, voluntary departure. At his hearing, Devadze alleged he would be persecuted if he returned to Georgia because of his affiliation with a political organization he referred to as the "Republicans." Devadze testified that, at a political rally in the fall of 1994, he was beaten by "thug-militiamen" acting as agents of the government and spent twenty-one days in the hospital as a result of his wounds. Devadze introduced a medical record to substantiate his claim; however, the record was for a visit that predated his alleged beating, was for a stay lasting only twelve days, and was for a completely different medical condition than the one to which he testified. He further testified that he was married and divorced twice. Although he stated he divorced his second wife in 1999, the divorce certificate showed they were divorced in 1994.

After the hearing, the IJ concluded Devadze was not credible, denied all forms of relief, and ordered him removed. The BIA affirmed the IJ's ruling, and Devadze now petitions this Court to review the BIA's order. Devadze appeals only the denial of withholding of removal, arguing that the IJ erred in finding him not credible.

## II

"When the BIA adopts and affirms the IJ's decision, but also adds reasoning of its own, we will review both decisions together." Chen v. Mukasey, 510 F.3d 797, 800 (8th Cir. 2007) (quoting Eta-Ndu v. Gonzalez, 411 F.3d 977, 982 (8th Cir. 2005)). "We review the agency determination that an alien is not eligible for asylum, withholding of removal, or relief under the Convention Against Torture using the deferential substantial evidence standard." Osonowo v. Mukasey, 521 F.3d 922, 927 (8th Cir. 2008). "Under the substantial evidence standard, the agency's findings of fact must be upheld unless the alien demonstrates that the evidence he presented not only supports a contrary conclusion, but *compels* it." Al Yatim v. Mukasey, 531 F.3d 584, 587 (8th Cir. 2008) (emphasis in original). Furthermore, "[a] credibility determination is a finding of fact, which should be accepted 'unless any reasonable adjudicator would be compelled to conclude to the contrary.'" Osonowo, 521 F.3d at 927 (quoting 8 U.S.C. § 1252(b)(4)(B)). Thus, "we defer to those findings if 'supported by specific, cogent reasons for disbelief.'" Id. (quoting Onsongo v. Gonzalez, 457 F.3d 849, 852 (8th Cir. 2006)).

Substantial evidence supports the IJ's decision to deny Devadze withholding of removal. "Eligibility for withholding of removal requires proof of a clear probability that the alien's life or freedom would be threatened on the basis of one of [the] specified grounds if removed to the country in question." Id. at 926.[1] The IJ provided sufficient justification for finding Devadze's testimony concerning political persecution not to be credible. First, he had no evidence of his membership in the "Republican" party. Second, the medical record submitted as proof of his alleged beating during a "Republican" party rally predated the alleged rally, was for a stay of only twelve days (in contrast to his testimony of a twenty-one day hospital stay), and

---

[1]The specified grounds are race, religion, nationality, membership in a particular social group, or political opinion. Osonowo, 521 F.3d at 926.

was for a preexisting colon procedure unrelated to any beating. Although Devadze stated the hospital may have erroneously sent a medical record related to his brother, no further records were presented to the IJ. The failure to provide any corroborating documentation is disconcerting given the fact Devadze's attorney stated he could obtain a copy of another medical record purportedly relating to Devadze's beating. Because the IJ found Devadze to be not credible, this failure to provide corroborating evidence is fatal to his claim, as the applicant bears the burden of proof to establish withholding of removal. 8 C.F.R. § 208.16(b). See Yakovenko v. Gonzales, 477 F.3d 631, 636 (8th Cir. 2007). Third, and finally, the divorce certificate offered as evidence contradicted Devadze's testimony that he divorced his second wife in 1999. While Devadze's conflicting testimony about his divorce from his second wife does not go to the heart of his claim, the IJ may take such unrelated inconsistencies into account. 8 U.S.C. § 1158(b)(1)(B)(iii) ("a trier of fact may base a credibility determination on . . . written and oral statements . . . without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim").

In light of the several inconsistencies regarding Devadze's testimony, as well as the lack of corroborating evidence, the IJ did not err in finding Devadze not to be credible. Consequently, "[t]he combination of an adverse credibility finding and a lack of corroborating evidence for the claim of persecution means that the applicant's claim fails, regardless of the reason for the alleged persecution." Averianova v. Ashcroft, 509 F.3d 890, 895 (8th Cir. 2007).

III

For the aforementioned reasons, we deny Devadze's petition for review.

_____

-4-